IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 14-13-5-RGA |
| JAMES WILSON, | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Defendant James Wilson has three pending motions. (D.I. 180, 200, 216).

In regards to the first, which is a suppression motion seeking to suppress a statement (or, two closely related statements) made by Wilson on February 16, 2014 (*see* D.I. 180 ¶¶ 4 & 5; D.I. 277 at 2), the United States concedes that the statement should be suppressed, and states that it will not seek to use it at trial, suggesting that the motion is therefore moot. Nevertheless, while I accept the Government's representation, I think the better course in the circumstances of this case is to grant the motion and suppress the statement. Thus, the motion to suppress (D.I. 180) is **GRANTED**. The statement is **SUPPRESSED**.

The Defendant seeks other relief, including suppression of "the control buy" and dismissal of the indictment. Dismissal of the indictment is not an appropriate remedy for the illegal seizure of evidence. It is therefore **DENIED**. Neither party provides sufficient information about the "control buy" for me to determine based on the papers what the Defendant

is talking about.[1] Therefore, the Court **ORDERS**, if this is a matter the Defendant wishes to pursue, that the Defendant supplement the record no later than **December 8, 2014**, with a factual proffer of the connection of the "control buy" to the illegally intercepted communications, with a legal theory as to why the "control buy" should therefore be suppressed. The United States has until **December 15, 2014,** to respond to any Defense submission.

In regards to the Defendant's second motion, a motion for an evidentiary hearing, it appears to be a request for a hearing on the chain of custody of the drug evidence that the Government is going to use at trial. (D.I. 200). The Defendant makes this request based on the well-publicized problems of the Delaware Medical Examiner's Office. The United States responds that it will show at trial that the drug evidence went from the Dover Police Department to federal authorities. (D.I. 277 at 4-5). Thus, it proffers that the Medical Examiner's Office had no involvement with the drug evidence in this case. Based on the Government's response, there is no need for a pretrial evidentiary hearing. The Government will have to prove up the chain of custody at trial, but that is a trial issue, and nothing more. Thus, the motion for an evidentiary hearing (D.I. 200) is **DENIED**.

In regards to Defendant's third motion (D.I. 216), it essentially seeks suppression on the theory that the Government has defaulted in responding to his earlier suppression motion.[2] It is

---

[1] The Government's response does not address it. (D.I. 277). There is reference in D.I. 200 to a "controlled buy" by Det. Jordan Miller with a confidential informant on February 20, 2014, which the Government says is "independent" from the earlier events. (D.I. 277 at 2). It seems probable that this is the "control buy" to which the Defendant refers in D.I. 180.

[2] The record should reflect the various reasons why the Government did not respond earlier.

moot and it is therefore **DISMISSED**.

**IT IS SO ORDERED THIS 2nd DAY OF DECEMBER 2014.**

*[signature]*
United States District Judge